## (April 4, 1968)

■ MARION N. KAUFMAN, Respondent, v. THEODORE H. KAUFMAN, Appellant. — Order entered September 11, 1967, unanimously modified, on the facts and as a matter of discretion, to provide for payments in the sum of $100 weekly on account of the judgment entered June 9, 1964, and that said payments begin as of the date of entry of the order, namely, September 11, 1967, and as so modified affirmed, without costs or disbursements. A judgment was entered in favor of plaintiff against the defendant on June 9, 1964, in the sum of $28,858.21. Under a garnishee order defendant is currently required to pay $30 weekly on account of this judgment. This application is pursuant to CPLR 5226. The test is what the judgment debtor can reasonably afford to pay, taking into consideration his needs, those of his dependents, and other inroads on his income from other obligations (*Matter of Widder Bros.* v. *Kaffee*, 19 A D 2d 817). The fact that the judgment creditor is the former wife of the debtor is of no moment and her needs or lack of them is not a factor; nor is an outstanding order for support except insofar as it diminishes the amount that the debtor has available from his own income. Taking these factors into consideration, we find that the $150 in addition to the garnishee payments exceeds what the debtor can afford to pay above his own needs and those of his dependents, and the amount is reduced accordingly. Furthermore, we find that the delay in the entry of the order was not brought about by defendant, so that requiring payments to begin as of the date of institution of the proceeding will work a hardship on the defendant and impose a burden he cannot meet. In calculating the debtor's income, the facilities supplied by his corporate employer cannot, as the creditor claims, be considered as cash income available to him for the payment of his debts. These can only enter the calculations as items that he would not be allowed to deduct as necessaries for himself. Concur — Steuer, J. P., Capozzoli, Tilzer, McGivern and McNally, JJ.

■ ARTHUR W. BROADY, Respondent, v. BLANTON TRUCKING CO., INC., Appellant. — Judgment in favor of plaintiff for personal injuries, in the sum of $8,000 unanimously reversed, on the law, on the facts and in the exercise of discretion and a new trial granted, without costs and without disbursements, unless plaintiff within 20 days of service of a copy of the order hereon, stipulates to accept $4,000 in lieu of the award by verdict, in which event the judgment is modified to that extent and as thus modified affirmed, without costs and without disbursements. It is obvious that the award by verdict of $8,000 is excessive and not supported by the record. Concur — Stevens, J. P., Steuer, Tilzer, McGivern and Rabin, JJ.